**UNITED STATES DISTRICT COURT**
**District of New Jersey**

**MARTIN LUTHER KING JR.**
**FEDERAL BUILDING & U.S. COURTHOUSE**
**50 WALNUT ST., ROOM 5054**
**P.O. Box 999**
**Newark, NJ 07101-0999**
**973-645-6042**

**CHAMBERS OF**
**JOSE L. LINARES**
**JUDGE**

**NOT FOR PUBLICATION**

<u>**LETTER OPINION**</u>
<u>**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**</u>

January 4, 2007

Re:     <u>**Soni v. Holtzer**</u>
         **No. 06-3894**

Dear Parties:

Currently pending before the Court is a complaint filed by *pro se* Plaintiff, Shashibala Soni against Defendants Benjamin Z. Holczer, Esq.;[1] Steve Maniken;[2] Alan Nisselson, Esq.; retired federal bankruptcy Judge Francis G. Conrad; and Assistant United States Attorney Demetri Jones, Esq.[3]  Although Plaintiff's complaint is largely incoherent, it appears that she claims that these defendants deprived her of her property without due process of law.  Plaintiff has captioned her action, "Civil Action against Brooklyn Mafia Group."   Defendants have not responded to the complaint.

On or about November 27, 2006, Plaintiff filed a motion for default judgment against Defendants.  Plaintiff asked the Court to award her over $5.5 million in damages.  Defendants Holczer, Nisselson, Judge Conrad, and AUSA Jones responded to this motion for the limited purpose of challenging service upon them pursuant to Fed. R. Civ. P. 4.  They claim that service was improper and thus, the entry of default judgment would be improper.[4]

---

[1]  Benjamin Z. Holczer, Esq., was improperly pled as "Benjamin Holtzer."

[2]  Plaintiff sometimes refers to this defendant at "Steve Miniken."

[3]  AUSA Demetri Jones, Esq., was improperly pled as "Dimitri Jones."

[4]  After reviewing certain of the Defendants' submissions, it appears that Plaintiff's complaint stems from Defendants' involvement in bankruptcy proceedings in the Eastern District of New York in 1991 and 1993 in which Plaintiff lost certain property and involvement in Plaintiff's current criminal prosecution in the Eastern District of New York for tax fraud.

Plaintiff claims that she served Defendants with the complaint by certified mail.  She asserts that the an unspecified person in the Clerk's Office in this District told her that this was the proper way to serve Defendants.[5]  A review of Plaintiff's summonses as filed on the docket in this case reveals that Holczer, Nisselson, Judge Conrad, AUSA Jones, and Maniken were sent copies of the complaint via certified mail to their purported business addresses.  Plaintiff has submitted return receipt cards indicating that unknown persons signed for the packages sent to Nisselson, Holczer, and Maniken.  Judge Conrad apparently signed for the package sent to him.  Plaintiff did not submit a return receipt card for the package sent to AUSA Jones, but AUSA Jones acknowledges receiving a copy of the documents through inter-office mail.

The Court denies Plaintiff's motion for default judgment for the following reasons.  First, the Court notes that Plaintiff has not submitted a request to the Clerk for an entry of default pursuant to Fed. R. Civ. P. 55(a).  Further, Plaintiff has not shown that she properly served the Defendants in accordance with Fed. R. Civ. P. 4(e) and (i).

Plaintiff has not properly served defendant Nisselson because, in addition to other potential problems with the method of service, the certified mail package she sent was mailed to the wrong address — Nisselson is not employed and does not reside at 630 3rd Avenue, New York, New York.

Plaintiff has similarly failed to properly serve defendant Maniken. She sent a copy of the complaint to Maniken at 100 Federal Plaza, Central Islip, New York 11722.  This is the address for the United States District Court for the Eastern District of New York.  Plaintiff herself submitted to the Court a letter dated October 24, 2006 from the Clerk of the Eastern District of New York, Robert C. Heinemann, stating that although an employee in the mail room signed for the package, Maniken is not an employee of the district court or of the bankruptcy court in that district.

In addition, Plaintiff has failed to establish that her purported service of defendant Holczer, via certified mail at his business address, satisfies Rule 4(e).  She did not personally serve Holczer, leave a copy of the complaint and summons with a suitable person at Holczer's residence, or serve an authorized agent of Holczer.  See Fed. R. Civ. P. 4(e)(2).  Further, Plaintiff has failed to show that her attempt to serve Holczer satisfies the requirements of New Jersey or New York law.  See Fed. R. Civ. P. 4(e)(1).[6]

---

[5]  The Court sympathizes with Plaintiff's difficulties litigating this action pro se; however, it is Plaintiff's obligation to consult and comply with the applicable rules in pursuing her case.

[6]  The applicable state laws are presumably New Jersey Rules of Court 4:4-3, 4:4-4 and N.Y. C.P.L.R. §§ 308, 312-a (McKinney 2007).  The parties did not discuss these statutes or any other potentially relevant state statutes.  The Court's limited review indicates that neither New Jersey nor New York allow service to be effected in the first instance by sending a complaint and

Plaintiff also has failed to provide any proof that she served defendants Judge Conrad and AUSA Jones in accordance with the requirements for serving government employees pursuant to Rule 4(i).  Specifically, there is no indication that Plaintiff properly served the appropriate United States attorney and the Attorney General as required by Rule 4(i)(1)(A).  Further, to the extent that Judge Conrad and AUSA Jones are being sued in their individual capacities, Plaintiff has failed to show, for the reasons discussed above with regard to defendant Holczer, that they were served in accordance with Rule 4(e).[7]

The Court further notes that even though Judge Conrad, AUSA Jones, Nisselson, and Holczer have notice of the instant action, the Third Circuit has made clear that " 'notice cannot by itself validate an otherwise defective service.' "  See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996) (quoting Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.3d 476, 492 (3d Cir. 1993)).  Also, Plaintiff's pro se status does not excuse her from effecting proper service.  See, e.g., Sykes v. Blockbuster Video, No. 06-1745, 2006 WL 3314518, at *2 (3d Cir. 2006) (indicating that a pro se litigant's "compliance with the Federal Rules of Civil Procedure is expected whenever he or she files a lawsuit in federal court").

Thus, the Court denies Plaintiff's motion for default judgment.  The Court hereby notifies Plaintiff that her case is subject to dismissal pursuant to Rule 4(m) for failure to properly serve Defendants within 120 days of filing her complaint.  Given Plaintiff's *pro se* status, Plaintiff has until February 5, 2007 to submit to the Court proofs of proper service in accordance with Fed. R. Civ. P. 4.  Her failure to do so will result in this case being dismissed pursuant to Rule 4(m).  An appropriate order accompanies this letter opinion.

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE

---

summons via certified mail to a defendant's business address.

[7]  Furthermore, Rule 55(e) explicitly states that the Court shall not enter default judgment against an officer of the United States "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."  Plaintiff has not made such a showing.  In fact, the Court notes that based on the parties' submissions thus far, there appears to be personal jurisdiction and statute of limitations problems with Plaintiff's action; however, the Court takes no position on the merits of such issues at this time.