**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

May 22, 2007

**Re:** **Soni v. Holtzer, No. 06-3894**

Dear Parties:

Pro se Plaintiff, Shashibala Soni, filed a complaint in this Court on August 17, 2006, against defendants Alan Nisselson, Esq.; Benjamin Z. Holczer, Esq.; Assistant United States Attorney Demetri Jones, Esq.; and retired federal bankruptcy judge Francis G. Conrad.[1] Although Plaintiff's complaint is largely incoherent, Plaintiff apparently claims that defendants, along with Plaintiff's ex-husband, were part of the "Brooklyn Mafia group" and conspired with each other to defraud Plaintiff of her assets through a corrupt bankruptcy proceeding in the Eastern District of New York which commenced in approximately 1991. It appears that Judge Conrad presided over the bankruptcy proceedings; Mr. Nisselson was the bankruptcy trustee; and Mr. Holczer represented Mr. Nisselson as trustee. AUSA Jones is apparently involved with Plaintiff's current criminal prosecution in the Eastern District of New York for tax fraud.

Giving Plaintiff the benefit of the doubt, her claims against defendants appear to be that they conspired to deprive her of her due process rights in violation of 42 U.S.C. §§ 1983 and 1985 and that they committed tortious injury to property or fraud in violation of state law. Although she failed to set forth requested damages in her complaint, Plaintiff later stated that she wanted $5.5 million plus costs from Defendants.

**I.**   **Procedural History**

On January 4, 2007, the Court issued an opinion and order stating that Plaintiff failed to properly serve defendants and giving Plaintiff until February 5, 2007 to submit proofs of proper service in accordance with Fed. R. Civ. P. 4. The Court warned Plaintiff that her failure to provide proper proofs of service would result in her case being dismissed pursuant to Fed. R.

---

[1] Mr. Holczer was improperly pled as "Benjamin Holtzer" and AUSA Jones was improperly pled as "Dmitri Jones." Plaintiff also named Steve Maniken (improperly pled as "Steve Miniken") as a defendant. The court dismissed Plaintiff's claims against Mr. Maniken on or about February 7, 2007.

Civ. P. 4(m).

On or about February 5, 2007, Plaintiff submitted an affidavit and other documents purporting to establish that she properly served defendants with the complaint and summons. Subsequently, defendants Holczer, Judge Conrad, and AUSA Jones sent correspondence to the Court indicating that Plaintiff's proofs of service were inadequate and thus, requesting that the Court dismiss Plaintiff's claims against them.

Defendant Nisselson did not challenge service. Instead, he filed a motion to dismiss Plaintiff's claims against him, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Defendant argues that (1) Plaintiff's claims against him should be dismissed for lack of subject matter jurisdiction because she cannot sue a bankruptcy trustee without permission of the bankruptcy court; (2) this court does not have personal jurisdiction over Defendant Nisselson; and (3) Plaintiff's claims against him are barred by the applicable statute of limitations. Plaintiff has not filed an opposition to this motion.

The Court herein determines (1) whether Plaintiff's claims against defendants Holczer, Judge Conrad, and AUSA Jones should be dismissed for failure to properly serve in violation of Rule 4 and the Court's January 4, 2007 order; and (2) whether Plaintiff's claims against Defendant Nisselson should be dismissed pursuant to Rule 12(b)(1) or (b)(6).

**II.     Service on Holczer, Judge Conrad, and AUSA Jones pursuant to Rule 4**

Plaintiff's submissions reveal that she served defendants Holczer, Judge Conrad, and AUSA Jones in the following ways:

(1)     Benjamin Holczer, Esq.: On January 22, 2007, Plaintiff's process server, who claimed she was unable to serve Mr. Holczer in person, left a copy of the summons and complaint with "Jane Doe", a person of suitable age and discretion, at 630 3rd Avenue, New York, NY 10017, first floor. Plaintiff claims this address is Mr. Holczer's dwelling. On January 23, 2007, Plaintiff also mailed a copy via first class mail to Mr. Holczer at this address marked "personal and confidential" and not indicating "legal action."

(2)     Judge Francis Conrad: On February 2, 2007, Plaintiff's process server, who claimed he was unable to serve Judge Conrad in person, left a copy of the summons and complaint with Daveda Quint, who accepted on Judge Conrad's behalf and was a person of suitable age and discretion, at 135 W. 50th Street, New York, NY 10020, twelfth floor. Plaintiff claims this address is Judge Conrad's place of business. On the same day,[2] Plaintiff also mailed a copy via first class mail to Judge Conrad at this address marked "personal and confidential" and not indicating "legal action."

---

[2] Plaintiff's proof of service lists this date as "February 2, 2006." This must be a typographical mistake since the document is signed and dated "February 2, 2007."

2

(3)  AUSA Demetri Jones:  On January 24, 2007, Plaintiff's process server, who claimed he was unable to serve AUSA Jones in person, left a copy of the summons and complaint with Venezia "Doe", a person of suitable age and discretion, at 100 Federal Plaza, Central Islip, New York 11722.  Plaintiff claims this address is AUSA Jones's dwelling.  On the same day, Plaintiff also mailed a copy to AUSA Jones via first class mail to this address marked "personal and confidential" and not indicating "legal action."

The applicable service rules are Fed. R. Civ. P. 4(e), which applies to Defendant Holczer, and Fed. R. Civ. P. 4(i), which applies to Judge Conrad and AUSA Jones, who, at the time of their allegedly improper conduct, were employees of the United States.[3]

Pursuant to Fed. R. Civ. P. 4(e), service upon a person within the United States may be effected as follows:

(1)  pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2)  by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1), (2).

Pursuant to Fed. R. Civ. P. 4(i)(2)(B), a plaintiff who sues an employee of the United States in his or her individual capacity (whether or not that person is also sued in an official capacity),[4] must serve the United States in accordance with Rule 4(i)(1) and serve the employee

---

[3] Rule 4(i) applies to defendants Judge Conrad and AUSA Jones because at the time of the acts giving rise to Plaintiff's purported claims, these individuals were employed by the United States.  Thus, it is immaterial that Judge Conrad now appears to be retired from the bench and in private practice.  See Fed. R. Civ. P. advisory committee's note to 2000 amendment; 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1107 (3d ed. 2007).

[4] Although Plaintiff does not specify whether she is suing Judge Conrad and AUSA Jones in their official or individual capacities, or both, construing *pro se* Plaintiff's claims liberally, she is at least asserting individual capacity claims against these defendants because the substance of her complaint is that these defendants were personally involved in a conspiracy to violate her due process or property rights, she is seeking substantial monetary damages against the defendants, and the tenor of her complaint evidences an intention to hold these defendants personally responsible for their alleged actions.  See, e.g., Casilla v. New Jersey State Prison, No. 05-4590, 2006 WL 2534416, at *7 n.3 (D.N.J. Aug. 31, 2006).

individually in accordance with the provisions of Rule 4(e), outlined above.  Thus, in addition to serving Judge Conrad and AUSA Jones under Rule 4(e), Plaintiff was required to properly serve the United States Attorney's Office for the District of New Jersey and the Attorney General of the United States pursuant to Rule 4(i)(1).

Plaintiff's method of service on these defendants does not meet the requirements of Rule 4(e)(2).  She did not personally serve defendants Holczer, Judge Conrad, or AUSA Jones.  Further, she did not serve an authorized agent of any of these persons.  In addition, although she claims that she served defendants Holczer and AUSA Jones at their "dwellings," it is clear that neither Holczer nor Jones reside at the addresses listed above.  Plaintiff admits that she served Judge Conrad at his place of business.  Rule 4(e)(2) does not authorize service by leaving copies of the summons and complaint with a person at the defendant's place of business.  See, e.g., Kircher v. City of Ypsilanti, No. 05-73425, 2006 WL 2861882, at *1 (E.D. Mich. Oct. 4, 2006) ("For the purposes of Rule 4(e)(2), an individual's place of employment does not constitute his place of abode."); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1096 (3d ed. 2007) (collecting cases).  Thus, Plaintiff has not effected proper service pursuant to Rule 4(e)(2).

The Court will not, at this time, evaluate whether Plaintiff's service method complies with Rule 4(e)(1)—i.e., complies with New Jersey law (the law of the state where this Court is located) or New York law (the law of the state where service was purportedly effected).  First, with respect to Defendant Holczer, the issue of whether Plaintiff's service of this defendant at his purported business address was proper is irrelevant because Plaintiff failed to serve Defendant at his actual business address.  Holczer works on the eighteenth floor of the building located at 630 Third Avenue, not the first floor.  Thus, Plaintiff's attempted service on Holczer is improper and her claims against this defendant are dismissed.

Second, defendants Judge Conrad and AUSA Jones fail to analyze the issue of whether Plaintiff's method of service complies with Rule 4(e)(1).  AUSA Jones merely states that 100 Federal Plaza, Central Islip, New York is "certainly not defendant Jones' dwelling and certainly not proper service in AUSA Jones."  She claims that 100 Federal Plaza is the address for the United States District Court for the Eastern District of New York.  However, AUSA Jones does not state whether 100 Federal Plaza is also her business address and if so, whether Plaintiff's method of service in this regard was proper under Rule 4(e)(1).  Similarly, Judge Conrad argues that he did not authorize Daveda Quint to accept process on his behalf.  He does not dispute that he works on the twelfth floor at 135 W. 50th Street, New York or explain, assuming that this is Judge Conrad's business address, why such service was improper under Rule 4(e)(1).

Further, neither Judge Conrad nor AUSA Jones explains whether Plaintiff's service satisfies Fed. R. Civ. P. 4(i)(1).  In addition to the proofs of service discussed above, which Plaintiff submitted on February 5, 2007, Plaintiff also submitted certified mail cards indicating

4

that she mailed copies of the summons and complaint to the Attorney General and to the United States Attorney's Office for the District of New Jersey. These defendants fail to discuss whether such submissions satisfy Rule 4(i)(1). Thus, the Court will not dismiss Plaintiff's case against these defendants due to improper service of process at this time.

Judge Conrad and AUSA Jones may, if they wish to do so, file a supplemental submission with the Court challenging Plaintiff's method of service pursuant to Rule 4(e)(1) and/or Rule 4(i)(1) by June 8, 2007. Alternatively, these defendants may either answer Plaintiff's complaint or file a motion to dismiss such complaint by that date.

### III.     Defendant Nisselson's Motion to Dismiss

The Court has reviewed Defendant Nisselson's submissions and finds that Plaintiff's complaint against Defendant Nisselson should be dismissed for the following reasons.

First, this Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant Nisselson because Plaintiff failed to obtain leave from the bankruptcy court where her proceedings took place, namely, the Eastern District of New York, before suing Defendant Nisselson. Pursuant to the Barton Doctrine, adopted by the Supreme Court in Barton v. Barbour, 104 U.S. 126 (1881), a bankruptcy trustee cannot be sued for acts done in administering the bankruptcy estate without leave of the bankruptcy court. See, e.g., Richman v. Batt, 265 B.R. 416, 418 (E.D. Pa. 2001). There is a narrow exception to the Barton doctrine, codified at 28 U.S.C. § 959(a). See, e.g., id. at 418. Section 959(a) allows an individual to sue a bankruptcy trustee, without obtaining leave from the appointing court, when the lawsuit is "based on acts of a trustee committed for the purpose of operating a debtor's business." See id. at 418; see also Schafler v. Field, No. Civ.A.AW-01-984, 2001 WL 34553964, at *2-3 (D. Md. Aug. 15, 2001). Plaintiff does not allege that she obtained leave of the bankruptcy court to sue Defendant Nisselson or that his conduct fits within the contours of section 959(a). Thus, this Court lacks subject matter jurisdiction over these claims. See Schafler v. Field, No. Civ.A.AW-01-984, 2001 WL 34553964, at *2-3 (D. Md. Aug. 15. 2001).

Second, even if this Court has subject matter jurisdiction over such claims, Plaintiff has not met her burden to prove that Defendant Nisselson, who resides in New York, works in New York, and served as the trustee for Plaintiff's bankruptcy estate in New York, has had the requisite contacts with New Jersey to subject him to personal jurisdiction in this forum. See, e.g., IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998) ("the plaintiff bears the burden of proving that personal jurisdiction is proper"); Azubuko v. Boston Public Schools, No. 04-1944, 2005 WL 3307266, at *2 (D.N.J. Dec. 6, 2005) (dismissing case due to plaintiff's failure to prove that defendant had the requisite contacts with forum to be subject to suit there).

Lastly, even if the Court should entertain Plaintiff's lawsuit against Defendant Nisselson, it appears that Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff states in her complaint that the bankruptcy proceedings she complains of began in 1991. She refers to particular acts, namely, conversations with Judge Conrad, in 1993 and 1996. In a subsequent communication to the Court, however, Plaintiff admits that the "case in bankruptcy

5

ended by July 2000." See Plaintiff's Affidavit (Dec. 20, 2006) at p. 8. Plaintiff filed the instant lawsuit more than six years later on August 17, 2006. The Court need not conduct a choice of law analysis, especially on such limited briefing, to determine whether New York's or New Jersey's statutes of limitation apply. Plaintiff's claims are time-barred under any of the applicable statutes. See N.Y. C.P.L.R. § 214 (McKinney 2007) (stating that an action to recover for injury to property carries a three year statute of limitations); id. § 213 (stating that an action for fraud must be commenced the greater of six years from the date the cause of action accrued or two years from the time the plaintiff discovered or reasonably could have discovered the fraud); N.J.S.A. § 2A:14-1 (providing that a Plaintiff must bring an action for tortious injury to real or personal property or for any tortious injury to the rights of another not covered by sections 2A:14-2 and 2A:14-3 within six years after the cause of action accrued); Kaufman v. i-State Corp., 754 A.2d 1188, 1205 (N.J. 2000) (stating that the six-year statute of limitations in section 2A:14-1 applies to common law fraud claims).

Should we construe Plaintiff's claims as ones brought pursuant to sections 1983 and 1985, these claims would also be time-barred. The length of the statute of limitations for section 1983 and 1985 claims is governed by the state statute of limitations for personal injury torts. See Wallace v. Kato, 127 S. Ct. 1091, 1094-95 (2007) (stating that the length of the statute of limitations for section 1983 claims is governed by the state statute for personal injury torts where the cause of action arose); Getchey v. County of Northumberland, No. 04-1693, 120 Fed. Appx. 895, 2005 WL 22871, at *2 (3d Cir. Jan. 6, 2005) (indicating that length of statute of limitations for section 1985 is same as for section 1983 claims). The Court need not determine whether it should apply the state statute of limitations of New York, the state where the cause of action occurred, or New Jersey, the forum state. Plaintiff's claims are barred under either state's laws. See McKithen v. Brown, 481 F.3d 89, 100 n.12 (2d Cir. 2007) (stating that the statute of limitations applicable to claims brought pursuant to section 1983 in New York is three years); Montgomery v. De Simone, 159 F.3d 120, 126 n. 4 (3d Cir. 1998) (stating that the statute of limitations applicable to section 1983 claims in New Jersey is two years).

Accordingly, for the foregoing reasons, Plaintiff's complaint against Defendant Nisselson is dismissed with prejudice. An appropriate order accompanies this letter opinion.

/s/ Jose L. Linares
United States District Judge