**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

August 16, 2007

**Re:** **Soni v. Holtzer**, No. 06-3894

Dear Parties:

Pro se Plaintiff, Shashibala Soni, filed a complaint in this Court on August 17, 2006, against defendants Alan Nisselson, Esq.; Assistant United States Attorney Demetri Jones, Esq.;[1] and retired federal bankruptcy judge Francis G. Conrad.[2] Although Plaintiff's complaint is difficult to comprehend, it appears that Plaintiff is claiming that defendants, along with Plaintiff's ex-husband, were part of the "Brooklyn Mafia group" and conspired with each other to defraud Plaintiff of her assets through a corrupt bankruptcy proceeding in the Eastern District of New York which commenced in approximately 1991. It appears that Judge Conrad presided over the bankruptcy proceedings and Mr. Nisselson was the bankruptcy trustee. AUSA Jones is apparently involved with Plaintiff's current criminal prosecution in the Eastern District of New York for fraud.

Giving Plaintiff the benefit of the doubt, her claims against defendants appear to be that they conspired to deprive her of her due process rights in violation of 42 U.S.C. §§ 1983 and 1985 and that they committed tortious injury to property or fraud in violation of state law. Although she failed to set forth requested damages in her complaint, Plaintiff later stated that she sought $5.5 million plus costs from Defendants.

Defendant Nisselson moved to dismiss Plaintiff's complaint on April 13, 2007. The Court granted this motion, which Plaintiff did not oppose, on May 22, 2007, finding that: (1) the Court lacked subject matter jurisdiction over Plaintiff's claims because Plaintiff did obtain the requisite leave from the appropriate bankruptcy court before suing Nisselson; (2) Plaintiff failed

---

[1] AUSA Jones was improperly pled as "Dmitri Jones."

[2] Plaintiff also named Benjamin Z. Holczer, Esq. (improperly pled as "Benjamin Holtzer") and Steve Maniken (improperly pled as "Steve Miniken") as defendants in this case. The Court dismissed Plaintiff's claims against Maniken and Holczer for failure to properly effectuate service on February 7, 2007 and May 22, 2007 respectively.

to show that Nisselson has the requisite minimum contacts with New Jersey to subject him to personal jurisdiction in this forum; and (3) the statute of limitations has run on Plaintiff's claims.

Judge Conrad and AUSA Jones also submitted a letter to the Court, on March 5, 2007, requesting that the Court dismiss Plaintiff's claims against them for improper service. The Court considered this request at the same time it considered Defendant Nisselson's motion to dismiss. The Court found, on May 22, 2007, that it did not have the necessary information to determine whether service upon Judge Conrad or AUSA Jones was proper.

Currently before the Court is a formal motion to dismiss filed by Judge Conrad and AUSA Jones, the only defendants that remain in this case. They assert that Plaintiff's claims against them should be dismissed for failure to properly serve these defendants; lack of personal jurisdiction over such defendants in New Jersey; failure to comply with the statute of limitations; and failure to comply with Fed. R. Civ. P. 8. Judge Conrad and AUSA Jones also assert that they are entitled to absolute immunity from Plaintiff's claims. Plaintiff has not responded to this motion. The Court herein grants the instant motion to dismiss for the following reasons.

First, the Court notes that Plaintiff has been deficient in prosecuting her case in the past several months. She failed to respond to Defendant Nisselson's motion to dismiss, failed to respond to Judge Conrad's and AUSA Jones's first request for dismissal of this case, and now has not responded to Judge Conrad's and AUSA Jones's formal motion to dismiss this matter.

Second, Plaintiff has failed to demonstrate that her service upon AUSA Jones was proper. Plaintiff claims she served AUSA Jones at her "dwelling," which Plaintiff indicated as "100 Federal Plaza, Central Islip, New York, 11722." The Court has already set forth the appropriate service requirements in previous opinions in this case. This address is neither AUSA Jones's residence nor her business address. Plaintiff has been given numerous chances to effectuate proper service upon AUSA Jones and thus, her failure to properly do so, within the year since she filed her complaint, warrants dismissal of her claims against this defendant.[3] See Fed. R. Civ. P. 4(m).

Third, Plaintiff's claims against AUSA Jones do not comply with Fed. R. Civ. P. 8. She directs no substantive allegations against AUSA Jones, who undisputably was not involved in Plaintiff's bankruptcy proceeding in the early 1990s. It appears that Plaintiff only included AUSA Jones as a defendant because she is currently prosecuting Plaintiff for fraud. Without specifying what AUSA Jones did to violate Plaintiff's rights, Plaintiff's complaint fails to provide a short and plain statement of her claims against this defendant and such claims must be dismissed. See Fed. R. Civ. P. 8.

Furthermore, Plaintiff has not established that this Court has personal jurisdiction over AUSA Jones or Judge Conrad. Neither of these defendants live or work in New Jersey. Both live and work in New York. Judge Conrad presided over Plaintiff's bankruptcy proceedings in

---

[3] The Court declines to consider whether Plaintiff's service upon Judge Conrad was proper in accordance with Fed. R. Civ. P. 4.

New York, and AUSA Jones is currently prosecuting Plaintiff in New York. Thus, the claims against these defendants are dismissed on this basis. See, e.g., IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998) ("the plaintiff bears the burden of proving that personal jurisdiction is proper"); Azubuko v. Boston Public Schools, No. 04-1944, 2005 WL 3307266, at *2 (D.N.J. Dec. 6, 2005) (dismissing case due to plaintiff's failure to prove that defendant had the requisite contacts with forum to be subject to suit there).

Additionally, as the Court previously found in its May 22, 2007 letter opinion, the statute of limitations has long since run on Plaintiff's claims in this case. A discussion of the relevant time periods and legal standards can be found in the Court's May 22, 2007 opinion.

Finally, Judge Conrad is immune from suit on Plaintiff's claims because Plaintiff's allegations against Judge Conrad stem from his judicial actions in presiding over the bankruptcy case. See, e.g., Catanzaro v. Cottone, No. 06-4010, 2007 WL 1034823, at *2 (3d Cir. Apr. 5, 2007) ("A judicial officer in the performance of his duties has absolute immunity from suit.").[4]

Accordingly, for the foregoing reasons, Plaintiff's claims against Judge Conrad and AUSA Jones are dismissed. This case is closed. An appropriate order accompanies this letter opinion.

/s/ Jose L. Linares
United States District Judge

---

[4] The Court cannot consider whether AUSA Jones is also entitled to immunity from suit. As indicated above, Plaintiff's complaint contains no substantive allegations against AUSA Jones. It appears that she was added solely because she is currently prosecuting Plaintiff for fraud. It is impossible to determine whether AUSA Jones is entitled to immunity for her actions without knowing what actions she purportedly engaged in which violated Plaintiff's rights.